Filed 11/15/23  P. v. Phan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SANG VAN PHAN,<br><br>    Defendant and Appellant. | G061843<br><br>(Super. Ct. No. 22WF1565)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Scott A. Steiner, Judge.  Affirmed in part and remanded with directions.

Jeanine G. Strong, appointed by Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorney General, for Plaintiff and Respondent.

\*            \*            \*

Sang Van Phan appeals from an 11-year sentence for attempted voluntary manslaughter. He contends the trial court erred in concluding that he was not eligible for a presumptive low-term sentence due to a prior traumatic brain injury pursuant to Penal Code section 1170, subdivision (b).[1] As discussed below, we conclude that appellant has not shown he was statutorily eligible. Appellant also contends the abstract should be corrected to reflect the court's oral pronouncement of sentence. We agree, and remand the matter to the trial court to correct the abstract.

**FACTS**

On February 12, 2022, appellant and the victim A.M. engaged in a verbal and physical altercation in the parking lot of a grocery store. During the physical altercation, the victim managed to get on top of appellant and punched his face multiple times. Appellant seized a knife from the victim and stabbed him in the neck. The victim grabbed his neck and walked toward the entrance of the grocery store. Appellant followed the victim and made stabbing motions at the victim's back. The victim entered the store and sat down. When appellant tried to enter the store, a store employee yelled at him to get out. Appellant, who appeared calm, dropped the knife near the shopping cart corral and then left the scene.

Appellant was charged, via information, with two counts of assault with a deadly weapon, a knife (§ 245, subd. (a)(1); counts 1 and 3), and one count of attempted murder (§§ 664, subd. (a), 187, subd (a); count 2). As to all counts, it was alleged that appellant personally used a deadly weapon, and as to counts 1 and 2, it was alleged that he caused great bodily injury (GBI). It was further alleged that appellant had suffered a prior "strike" conviction under the Three Strikes law, and a prior serious felony conviction. Finally, as to all counts, factors in aggravation were alleged under California Rules of Court, rules 4.421(a)(1) & (2) and 4.421(b)(1) & (2).

---

[1] All further statutory references are to the Penal Code.

2

Following a bench trial, the court found appellant guilty of counts 1 and 3, assault with a deadly weapon. As to count 2, the court found appellant not guilty of attempted murder, but found him guilty of the lesser included offense of attempted voluntary manslaughter. It found true the GBI enhancement allegations as to counts 1 and 2, and the deadly weapon enhancement allegations as to count 2 only. The court found true the prior strike allegation and prior serious felony allegation. With respect to the factors in aggravation, as to all counts, the count found true that the offenses involved great violence, great bodily harm, the threat of great bodily harm, and "other acts disclosing a high degree of cruelty, viciousness, and callousness. . . ." As to count 2, it found true that appellant used a knife (rule 4.421(a)(2)); engaged in violent conduct, indicating a serious danger to society (rule 4.421(b)(1)); and had prior convictions of increasing seriousness (rule 4.421(b)(2)).

At the September 16, 2022 sentencing hearing, the trial court stated it had reviewed and considered a presentencing report filed by the Orange County Probation Department, as well as defendant's sentencing brief and the attached investigative report. The presentencing report recommended appellant be denied probation. As relevant to this appeal, in his sentencing brief, appellant argued the low term is the presumptive term because he suffered a traumatic brain injury (TBI) "when he was under 26 years old and was subsequently diagnosed with schizophrenia." The brief noted that "[h]is family reports that he was in a car accident that left him comatose for over a week. Since then, they reported behavior changes in addition to ultimately being diagnosed with schizophrenia." The brief argued that the crime was connected to his mental illness and disability "as he tends to overreact to situations." In the attached investigative report, appellant's sister stated appellant was in a car accident when he was around 21 years old, resulting in broken legs and brain injury. Appellant changed after the accident: he became "childlike," and often spoke nonsense and without a filter.

3

After noting that appellant was seeking the low term pursuant to section 1170, subdivision (b), the court asked the district attorney whether she disputed the fact that appellant suffered a TBI. The district attorney did not dispute that he suffered a TBI, but argued the evidence was insufficient to show that the TBI contributed to his offenses. She stated: "I believe that his actions on that date were extremely egregious, very goal-oriented, very thoughtful and methodical . . . ." In response, defense counsel noted that because appellant did not waive time for sentencing, counsel was able to obtain only the interview with appellant's sister. However, that interview established that appellant's behavior changed as a result of his TBI. Appellant also provided a brief statement, arguing he acted in self-defense because the victim attacked him with a knife first. He did not mention his TBI or how it may have contributed to his conduct.

The court sentenced appellant to a total of 11 years. It declined to strike the prior strike and serious felony enhancements pursuant to section 1385. It imposed the middle term of three years for count 2, double to six years for the prior strike, plus a consecutive term of five years for the prior serious felony. It struck the GBI enhancement as to count 2, and imposed but stayed the sentences for counts 1 and 3.

## DISCUSSION

I. *Section 1170*

Effective January 1, 2022, Assembly Bill No. 124 amended section 1170 to provide that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).) Appellant contends the trial court erred in concluding that he failed to show his TBI was a contributing factor to the commission of the offense because the threshold to "show that

4

trauma affected the commission of the offense is very low." The parties dispute whether the court's sentencing decision should be reviewed for an abuse of discretion or de novo. We need not decide this issue because even on a de novo review, we conclude appellant has not shown error.

Appellant argued that his TBI contributed to the commission of the offense because the TBI caused his behavior to change and he later was diagnosed with schizophrenia. The behavioral change was that he became "childlike" and spoke nonsense or without a filter. No evidence, however, indicated the altercation was the result of appellant's uninhibited speech. For example, at the sentencing hearing, appellant did not provide an explanation on how his TBI, or the mental conditions resulting from his TBI, contributed to his actions. Accordingly, appellant failed to demonstrate that his TBI was a contributing factor in the commission of the offense.

II. *Abstract of Judgment*

Appellant argues -- and respondent agrees -- that the abstract of judgment does not reflect the trial court's oral pronouncement of sentence. Specifically, the trial court imposed but stayed the sentences on counts 1 and 3. However, the abstract of judgment does not reflect the stayed terms. Accordingly, we will remand the matter and order the trial court to correct the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

## DISPOSITION

The matter is remanded to the trial court for correction of the abstract of judgment.  The corrected abstract shall be forwarded to the Department of Corrections and Rehabilitation.  As corrected, the judgment is affirmed.


DELANEY, J.


WE CONCUR:


BEDSWORTH, ACTING P.J.


SANCHEZ, J.